IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KANE XAVIOR MALFADOR PATTERSON, I                          PLAINTIFF


v.                          Civil No. 4:18-cv-4139


KYLE PATTERSON, Employee, Texas Liquor;
LARRY KING, Owner, Texas Liquor; NURSE
CODY KING, Miller County Detention Center;
PATTIE HALL, Employee, Texas Liquor; JOHN
DOE PUBLIC DEFENDER; JOHN DOE
PROSECUTING ATTORNEY; JOHN DOE JUDGE,
Miller County; JOHN DOE OFFICER, Texarkana
Police Department                                          DEFENDANTS

## ORDER

Plaintiff Kane Patterson, I, filed this action *pro se* pursuant to 42 U.S.C. § 1983. The

Complaint was provisionally filed prior to a determination regarding Plaintiff's status as a pauper

and service of process. (ECF No. 3). Plaintiff is currently incarcerated at the Miller County

Detention Center.

Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") with his Complaint.

(ECF No. 2). However, he failed to submit a fully completed application. (ECF No. 2). On

October 11, 2018, the Court filed an order directing Plaintiff to submit a completed IFP application,

including a certificate of account from an appropriate detention center official, by October 29,

2018. (ECF No. 3).

Plaintiff then submitted a second application to proceed IFP on November 5, 2018. (ECF

No. 5). The second application did not include a certificate of account from a Miller County

Detention Center official. Plaintiff's second application also states that he has money in an account

at Texarkana Bank and Trust but does not state the amount. (ECF No. 5).

On November 6, 2018, the Court entered an order giving Plaintiff until November 23, 2018 to either submit a completed IFP application or pay the $350 filing fee and $50 administrative fee. (ECF No. 6). The Court again advised Plaintiff that the IFP application must include a certificate of account completed by an appropriate detention center official and must also state the amount of money belonging to him in cash or any bank account. Plaintiff was further advised that if he failed to "return the completed IFP application or pay the $400 by November 23, 2018, the complaint shall be subject to summary dismissal for failure to obey an order of the Court." (ECF No. 6).

On November 19, 2018, Plaintiff again filed an application to proceed *in forma pauperis*. (ECF No. 7). The application states that he has money in a checking or savings account but does not state the amount. The application does not include a Certificate of Inmate Account and Assets completed by an appropriate detention center official. (ECF No. 7).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff failed to comply with a Court order directing him to submit a completed IFP application or to pay the filing fee. Accordingly, Plaintiff has failed to prosecute this matter. Thus, the Court finds that Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and for failure to prosecute this case. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2).

**IT IS SO ORDERED** this 30th day of November, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge